UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TARIQ BELT,                            :
                                       :
         Plaintiff                     :   No. 4:CV-10-2642
                                       :
     vs.                               :   (Complaint Filed 12/28/10)
                                       :
                                       :   (Judge Muir)
UNITED STATES BUREAU OF PRISONS,       :
et al.,                                :
                                       :
         Defendants                    :

**MEMORANDUM AND ORDER**

January 12, 2011

**Background**

Plaintiff, Tariq Belt, an inmate currently confined in the Allenwood Low Security Correctional Institution (LSCI-Allenwood), White Deer, Pennsylvania, filed this civil rights action pursuant to 28 U.S.C. § 1331. Along with the filing of his complaint, Belt submitted this court's form application to proceed in forma pauperis and authorization to have funds deducted from his prison account in payment of the filing fee for this action. The named defendants in this action are the United States Bureau of Prisons; LSCI-Allenwood Office of Warden; and LSCI-Allenwood Warden. For the reasons set forth below, the instant complaint will be dismissed, without

prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an unquestionably meritless legal theory, or is predicated on clearly baseless factual averments. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Unquestionably meritless legal theories are those " 'in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit. . . .' " Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." Id. "[T]he frivolousness determination is a discretionary one," and trial

---

[1] Section 1915(e)(2) provides that:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992). When reviewing a complaint for frivolity under § 1915(d), the court is not bound, as it is on a motion to dismiss, "to accept without question the truth of the plaintiff's allegations." Id. at 32.

**Allegations in the Complaint**

In his complaint, Belt alleges that he is being "held against [his] will predicated upon U.S. Government Agency enforcement reliant for validity upon the presumed lawfulness of the process, instruments, acts, agency imprimatur, magistrate judge findings, and public records which are now all nationally admitted tainted by discrimination termed 'unwarranted disparity' associated with 'crack' cases specifically carried out like mine in particular." (Doc. 1, complaint). Specifically, plaintiff state that he arrived at LSCI-Allenwood in 2006 and has since "maintained that [his] confinement is unlawful, non-consensual and predicated upon improper authority and processes and the agency records are not entitled to full faith nor credit" and that the "discrimination of which [he] speaks is due to 'crack' being the pre-existing

3

claim and accusation from which original process to establish jurisdiction and proper venue arose." Id.

Plaintiff further alleges that "all persons charged or arrested or picked up related to 'crack' conduct but not sentenced by the date of the new legislation becoming effective were entitled and eligible to have their matters reevaluated and adjusted appropriately due to the provisions in the legislation" but "courts have been telling those whose processes are tainted by the 'crack' related discrimination but who were sentenced based on such discrimination before the legislation effective date that because of the date and the legislation not directly and expressly including a retroactive provision that there was no current remedy at law available, nor remedy under the statute." Id.

Plaintiff has "attempted use of 28 U.S.C. 2241, 28 U.S.C. 2255, etc. in the past but all have proved ineffectual and even together bar relief in situations such as where Magistrate phase preceding detention order and execution and enforcement following so-called 'criminal' proceedings are called into question as fatally flawed or in violation of the U.S. Constitution." Id. Thus, plaintiff files the instant action

4

in which he seeks damages, declaratory relief and release. Id.

**Discussion**

Plaintiff's claims are filed pursuant to 28 U.S.C. § 1331, in accordance with Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, (1971). Under Bivens, the District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor. Bivens, supra. Pursuant to Bivens, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978). A Bivens-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. § 1983 and the same legal principles have been held to apply. See, Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir.1975); Veteto v. Miller, 829 F.Supp. 1486, 1492 (M.D.Pa.1992); Young v. Keohane, 809 F.Supp. 1185, 1200 n. 16 (M.D.Pa.1992). In order to state an actionable Bivens claim, a plaintiff must allege that a person has

5

deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. See West v. Atkins, 487 U.S. 42, 48 (1988); Young v. Keohane, 809 F.Supp. 1185, 1199 (M.D.Pa.1992); Sharpe v. Costello, 2007 WL 1098964, *3 (M.D.Pa., 2007).

To the extent that plaintiff seeks release from confinement, it is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriquez, 411 U.S. 475 (1975). Plaintiff's present allegations are unquestionably attacking the legality of his present incarceration. Consequently, under Preiser, Belt may not challenge the legality of his confinement via a § 1331 complaint.

The United States Court of Appeals for the Third Circuit has similarly recognized that civil rights claims seeking release from confinement sound in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir.1985). In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the

6

invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to Georgevich and Edwards, plaintiff's present claims for injunctive relief, especially his release, are not properly raised in a civil rights complaint.

Finally, plaintiff, can not, under Heck v. Humphrey, 512 U.S. 477 (1994), maintain a cause of action for damages for unlawful imprisonment or detention until the basis for that detention, whatever that may be, is rendered invalid. In Heck, the United States Supreme Court announced that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by acts whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus."

Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is

7

designed to preserve. <u>See</u> <u>Roman v. Jeffes</u>, 904 F.2d 192, 195 n. 3 (3d Cir. 1990). An appropriate Order accompanies this Memorandum Opinion.

<pre>
                              s/Malcolm Muir
                              MUIR
                              United States District Judge
</pre>

```
              UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA
```

TARIQ BELT,                           :
                                      :
        Plaintiff                     :   No. 4:CV-10-2642
                                      :
    vs.                               :   (Complaint Filed 12/28/10)
                                      :
                                      :   (Judge Muir)
UNITED STATES BUREAU OF PRISONS,      :
et al.,                               :
                                      :
        Defendants                    :

## ORDER

January 12, 2011

For the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED** for the sole purpose of filing this action.

2. Plaintiff's complaint is **DISMISSED** without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

3. Plaintiff's motion for summary judgment (Doc. 3) is **DISMISSED** as moot.

4. The Clerk of Court is directed to **CLOSE** this case.

5. Any appeal from this order will be deemed frivolous, not taken in good faith and lacking probable cause.

                            s/Malcolm Muir
                            MUIR
                            United States District Judge